

**FILED & ENTERED**

**NOV 13 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Morad Javedanfar and Yaffa Javedanfar, Debtors | Case No.:  2:13-bk-27702-ER<br>Adv. No.:  2:15-ap-01363-ER |
| JL AM Plus, LLC, successor in interest to Timothy J. Yoo, Chapter 7 Trustee,<br><br>Plaintiffs<br><br>v.<br><br>MBN Real Estate Investments, LLC,<br><br>Defendant | **MEMORANDUM OF DECISION (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO CONTINUE TRIAL, (2) VACATING HEARING ON DEFENDANT'S MOTION, AND (3) VACATING TRIAL SET FOR NOVEMBER 16, 2018**<br><br>**VACATED HEARING DATE:**<br>Date: November 15, 2018<br>Time: 10:00 a.m.<br>Location: Ctrm. 1568<br>Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

    The *Ex Parte Application for Order to Continue Trial Until December 19, 2018, or, in the Alternative, Ex Parte Application for Order Shortening Time to Hear Motion* [Doc. No. 289] (the "Motion") filed by MBN Real Estate Investments, LLC ("MBN") has been fully briefed.[1]

---

[1] In addition to the Motion, the Court has considered the following papers in adjudicating this matter:

Pursuant to Civil Rule 78(b) and LBR 9013-1(j), the Court finds that this matter is suitable for disposition without oral argument.[2] For the reasons set forth below, trial of this action will not go forward on November 16, 2018. Within fourteen days, the Court will issue a further order setting the trial date.

**A. Background**

In the criminal action *USA v. Pacific Eurotex Corp.*, Case No. 14-cr-00521-JAK, pending in the District Court for the Central District of California (the "District Court"), Morad Neman, the principal of defendant MBN, has pleaded guilty to conspiracy to structure cash deposits, conspiracy to impede the Internal Revenue Service, subscribing to a false tax return, and procuring the filing of a false tax return. Mr. Neman was first scheduled to be sentenced on July 19, 2018. On July 6, 2018, the United States and criminal defendants Pacific Eurotex Corp. ("Pacific Eurotext") and Mr. Neman entered into a stipulation continuing Mr. Neman's sentencing from July 19, 2018 to October 4, 2018.[3] The stipulation was executed to allow Mr. Neman to be present for the mid-September birth of his child and to allow the defendants additional time to prepare sentencing position papers.[4] The District Court approved the stipulation on July 9, 2018.[5]

As a result of the continuance of Mr. Neman's sentencing date, on August 17, 2018, this Court entered an order continuing trial in this civil action from September 12, 2018 to October 9, 2018 (the "First Continuance Order").[6] In its final ruling explaining the reasons for entry of the First Continuance Order [Doc. No. 260] (the "Final Ruling"), the Court explained that the issue of whether the trial should be continued was governed by the five-factor test set forth in *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). The Court found that the second *Molinaro* factor, the prejudice to the defendant, was the "most salient" within the context of the case. Final Ruling at p. 6. The Court found that the second factor weighed strongly in favor of MBN, because absent a continuance, trial would take place prior to the criminal sentencing of MBN's principal, Morad Neman. As a result, Mr. Neman would be required to assert his Fifth Amendment right against self-incrimination, thereby preventing MBN from fully defending itself. The Court held that MBN's failure to specifically explain how Mr. Neman's testimony would affect his criminal sentencing did not mean that MBN's concerns were not legitimate:

---

1) JL AM Plus, LLC's Opposition to Defendant MBN's Ex Parte Application to Continue Trial [Doc. No. 290]; and
2) MBN Real Estate Investments, LLC's Response to Preliminary Findings and Conclusions of the Court [Doc. No. 294].

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.
[3] *See* Stipulation to Continue the Sentencing Hearing Date and Deadline to File Sentencing Position Papers for Defendants Pacific Eurotex Corp. and Morad Neman [Doc. No. 555, Case No. 2:14-cr-00521-JAK].
[4] *Id.* at 2.
[5] *See* Order Re Stipulation to Continue Sentencing Hearings for Defendants Pacific Eurotex Corp. and Morad Neman [Doc. No. 559, Case No. 2:14-cr-00521-JAK].
[6] *See* Order (1) Granting Motion to Continue Trial and (2) Setting Trial for October 9, 2018, at 9:00 a.m. [Doc. No. 262].

>   JLAMP is correct that MBN has not specified exactly how Neman's exercise of his Fifth
>   Amendment rights would prevent him from fully testifying as to the transactions at issue.
>   What JLAMP overlooks is that the disclosure of such information would, in and of itself,
>   be prejudicial to Neman's upcoming criminal sentencing, as such disclosures could be
>   construed as an admission of guilt. MBN's failure to provide a specific explanation
>   therefore does not indicate that its claims of prejudice are not well grounded.

Final Ruling at p. 5.

On September 18, 2018, the United States and the criminal defendants stipulated to continue Mr. Neman's sentencing date from October 4, 2018 to October 18, 2018.[7] The stipulation was executed to allow the criminal defendants additional time to prepare for sentencing.[8] The District Court approved the stipulated continuance by order entered on September 19, 2018.[9]

On September 26, 2018, over JLAMP's opposition, this Court entered an order continuing trial in this civil action from October 9, 2018 to October 30, 2018, again based on the continuance of Mr. Neman's criminal sentencing date.[10]

On October 4, 2018, the United States and the criminal defendants stipulated to further continue the criminal sentencing date of Mr. Neman and various other criminal defendants from October 18, 2018 to November 15, 2018.[11] The stipulation was filed by criminal defendant Hersel Neman—Mr. Neman's brother—but was also signed by Mr. Neman.[12] The stipulation was executed to allow the criminal defendants additional time to gather mitigation evidence and finalize sentencing position papers.[13] By order entered on October 5, 2018, the District Court approved the stipulated continuance.[14]

On October 15, 2018, again over JLAMP's opposition, this Court entered an order further continuing trial in this action from October 30, 2018 to November 16, 2018.[15] The Court advised MBN that any further continuances were not likely to be granted:

>   The properties at issue are valuable, giving JLAMP an economic interest in having this
>   litigation resolved as quickly as possible. It is not unreasonable to require JLAMP to
>   suffer some delay to ensure that MBN can fully defend itself, even if that delay results
>   from Mr. Neman seeking and obtaining continuances of his criminal sentencing date. But
>   if MBN were to seek to impose upon JLAMP an additional delay beyond November 16,
>   the balance of the hardships would almost certainly tip in JLAMP's favor.

Order (1) Granting Motion to Continue Trial and (2) Setting Trial for Friday, November 16, 2018 [Doc. No. 278] at 4.

---

[7] *See* Stipulation to Continue the Sentencing Hearing Date and Deadline to File Sentencing Position Papers for Defendants Pacific Eurotex Corp. and Morad Neman [Doc. No. 654, Case No. 2:14-cr-00521-JAK].
[8] *Id.* at 2.
[9] *See* Order Continuing Sentencing Hearings for Defendants Pacific Eurotex Corp. and Morad Neman [Doc. No. 655, Case No. 2:14-cr-00521-JAK].
[10] *See* Order (1) Granting Motion to Continue Trial and (2) Setting Trial for October 30, 2018 at 9:00 a.m. [Doc. No. 269].
[11] *See* Stipulation to Continue Sentencing Hearings and Deadline to File Sentencing Position Papers for Defendants Pacific Eurotex Corp., Hersel Neman, and Morad Neman [Doc. No. 657, Case No. 2:14-cr-00521-JAK].
[12] *Id.* at 2–3.
[13] *Id.* at 2.
[14] *See* Order Re Stipulation to Continue Sentencing Hearings for Pacific Eurotex Corp., Morad Neman, and Hersel Neman [Doc. No. 658, Case No. 2:14-cr-00521-JAK].
[15] *See* Order (1) Granting Motion to Continue Trial and (2) Setting Trial for Friday, November 16, 2018 [Doc. No. 278].

On November 2, 2018, upon an *ex-parte* request made by the United States, the District Court continued Mr. Neman's sentencing date to December 13, 2018.[16] The District Court overruled Mr. Neman's opposition to the continuance. On November 7, 2018, the United States and Mr. Neman stipulated to continue the sentencing date to December 18, 2018, to resolve an issue with counsel's availability.[17] The District Court has not yet entered an order in connection with the stipulation.

On November 9, 2018, MBN filed the instant Motion, seeking a fourth continuance of the trial in light of the continuance of Mr. Neman's criminal sentencing. On that same date, the Court entered an order setting a hearing on the Motion on shortened notice and requiring MBN to respond to the Court's *Preliminary Findings and Conclusions*.[18] In the *Preliminary Findings and Conclusions*, the Court explained that it was inclined to deny the Motion for the following reasons:

> The Court has previously found that Mr. Neman's assertion of his Fifth Amendment rights would prevent MBN from fully defending itself, thereby imposing a substantial burden upon MBN. This finding was made prior to the filing of MBN's trial brief. A review of the trial brief shows that MBN's primary defense is that the properties at issue are not subject to avoidance because they were fully encumbered when the transfers occurred.
>
> It is possible for MBN to establish its valuation defense without Mr. Neman's testimony. Certainly, MBN would suffer some prejudice from being required to defend itself without Mr. Neman. However, given that MBN's valuation defense is not dependent upon Mr. Neman's testimony, and given that trial has already been continued three times, the Court is prepared to maintain its prior finding that any continuance of the trial beyond November 16 would cause the balance of the hardships to tip in JLAMP's favor. On that basis, the Court is prepared to deny the Motion, and proceed with trial on November 16, 2018.

Order at 5.

In response to the Order, MBN asserts that Mr. Neman's testimony regarding valuation is critical to its defense and that Mr. Neman vigorously opposed any further continuance of his criminal sentencing. In opposition to a further continuance, JLAMP argues that there is no guarantee that the latest date for Mr. Neman's criminal sentencing will hold; that MBN has still failed to provide any substantive explanation of why Mr. Neman cannot truthfully provide testimony in this action prior to his criminal sentencing; and that a further continuance will prejudice JLAMP because it will yet again be required to incur additional costs in connection with the pretrial preparation of witnesses and experts.

**B. Findings and Conclusions**

In *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989), the Ninth Circuit articulated the factors the Court must consider when determining whether to stay civil proceedings pending the outcome of parallel criminal proceedings. *Molinaro* is not exactly on point. MBN seeks a one-month continuance of the trial, as opposed to an indefinite stay.

---

[16] *See* Order Re Government's Ex-Parte Request to Continue Hearing [Doc. No. 681, Case No. 2:14-cr-00521-JAK].
[17] *See* Stipulation to Continue Sentencing Hearings and Deadline to File Sentencing Position Papers for Defendants Pacific Eurotex Corp., Hersel Neman, and Morad Neman [Doc. No. 682, Case No. 2:14-cr-00521-JAK].
[18] *See* Order Setting Hearing on Motion to Continue Trial [Doc. No. 291] (the "Order").

Nonetheless, the Court finds the *Molinaro* factors relevant and will consider them in adjudicating MBN's request for a further continuance.

The *Molinaro* factors are as follows:
1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
2) the burden which any particular aspect of the proceedings may impose on defendants;
3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
4) the interests of persons not parties to the civil litigation; and
5) the interest of the public in the pending civil and criminal litigation.

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

As the Court has previously found, the first two *Molinaro* factors are most relevant to this case. Application of those factors requires the Court to balance the hardship that delay imposes upon JLAMP against the hardship that would be imposed upon MBN were it required to defend itself absent the testimony of its principal, Mr. Neman.

Upon review of the evidence and briefing filed in connection with the Motion, the Court departs from its *Preliminary Findings and Conclusions*. The Court finds that although a further continuance will impose some prejudice upon JLAMP, MBN will suffer greater prejudice if it is unable to fully defend itself at trial. In support of its valuation defense, MBN intends to heavily rely upon testimony to be offered by Mr. Neman, who asserts an ownership interest in the three properties at issue. While it is true that Mr. Neman's testimony is not the only means by which MBN can assert its valuation defense, Mr. Neman does play a critical role in that defense, being intimately familiar with the properties.

The Court also places substantial weight upon the fact that in the criminal action, Mr. Neman filed a lengthy and detailed opposition to the continuance of his sentencing date. The opposition shows that Mr. Neman is not engaging in gamesmanship in the criminal action for the purpose of engineering a continuance of this action.

For these reasons, trial of this action will not go forward on November 16, 2018. Because the District Court has not yet entered an order on a stipulation to continue Mr. Neman's sentencing from December 13, 2018 to December 18, 2018, substantial uncertainty exists as to the date of Mr. Neman's sentencing. At this time, the Court will not set a continued trial date. Within fourteen days of the issuance of this Memorandum of Decision, the Court will enter an order setting a continued trial date.

The Court will enter an order consistent with this Memorandum of Decision.

###

Date: November 13, 2018

Ernest M. Robles
United States Bankruptcy Judge