

FILED & ENTERED

OCT 12 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Morad Javedanfar and Yaffa Javedanfar, Debtors, Debtors. | Case No.: 2:13-bk-27702-ER<br>Adv. No.: 2:15-ap-01363-ER |
| JL AM Plus, LLC, successor-in-interest to Timothy J. Yoo, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MBN Real Estate Investments, LLC,<br><br>Defendant. | **MEMORANDUM OF DECISION DENYING PLAINTIFF'S APPLICATION FOR ISSUANCE OF AN ORDER TO SHOW CAUSE RE: CONTEMPT**<br><br>**[RELATES TO DOC. NO. 403]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    On March 9, 2021, the Court issued an order requiring MBN Real Estate Investments, LLC ("Defendant") to pay JL AM Plus, LLC ("Plaintiff") $106,408.65 in attorneys' fees. *See* Doc. No. 396 (the "Fee Order"). The Fee Order stated that the fees were to be paid "within forty-five (45) days of the signing of this Order." *Id.* at ¶ 3. Plaintiff now applies for issuance of an order requiring Defendant to show cause why it should not be held in contempt for failing to comply with the Fee Order. *See* Doc. No. 403 (the "Application"). For the reasons set forth below, the Application is **DENIED**, and the Court declines to require Defendant to show cause why it should not be held in contempt.[1]

---

[1] The Court considered the following pleadings in adjudicating this matter:
1) JLAMP's Notice of Motion and Motion for Order to Show Cause Why Defendant MBN Should Not be Held in Contempt of the Court's March 9, 2021 Order [Doc. No. 403];
2) Opposition to Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt [Doc. No. 406];
   a) Amended Declaration of Morad "Ben" Neman in Opposition to Motion for Contempt [Doc. No. 407];

## I. Background

On October 7, 2019, the Court entered judgment in favor of Plaintiff and against Defendant, in the amount of $1,813,635.62 (consisting of damages in the principal amount of $1,218,514.75 plus attorneys' fees and costs in the amount of $595,120.87). Doc. No. 342 (the "Original Judgment"). On July 30, 2020, the Bankruptcy Appellate Panel (the "BAP") affirmed the Original Judgment. Doc. Nos. 370–71. On September 3, 2020, the Court entered an amended judgment, which reiterated the provisions of the Original Judgment and awarded Plaintiff additional fees' and costs of $153,005.20 as the prevailing party on appeal. Doc. No. 382 (the "Amended Judgment").

Defendant appealed the BAP's affirmance of the Original Judgment to the Ninth Circuit Court of Appeals, but voluntarily dismissed the appeal on January 14, 2021. The Fee Order that is the subject of the instant Application awarded Plaintiff its fees and costs for defending against the Ninth Circuit appeal.

## II. Findings and Conclusions

At the outset, the Court notes that Plaintiff, in violation of the Local Bankruptcy Rules, filed a notice purporting to set the Application for hearing even though the Court had not issued an order requiring Defendant to show cause why it should not be held in contempt (an "OSC"). Local Bankruptcy Rule ("LBR") 9020-1 specifies the procedure for seeking contempt sanctions. Specifically, the party seeking sanctions must apply to the Court for issuance of an order requiring the alleged contemnor to show cause why it should not be held in contempt. The alleged contemnor must be provided the opportunity to object to issuance of an order to show cause. No hearing takes place unless the Court issues an OSC.

These procedures reflect the seriousness which must be accorded to contempt proceedings. As one court has explained:

> Obtaining an order to show cause requires a demonstration of facts that, if not rebutted, could be sufficient to warrant an order of contempt. Courts should be cautious when authorizing contempt proceedings. Orders to show cause should not issue merely because someone requests one.
>
> Contempt is serious business that nobody takes lightly. The mere existence of an order to show cause suggests that the court has made a preliminary determination that an order of contempt is a realistic possibility.

*Costa v. Welch (In re Costa)*, 172 B.R. 954, 963 (Bankr. E.D. Cal. 1994).

As explained below, Plaintiff has failed to demonstrate that cause exists for issuance of an OSC. It was not proper for Plaintiff to file a notice purporting to set a hearing on the issue of whether Defendant should be held in contempt when the Court had not issued an OSC. The hearing purportedly noticed by Plaintiff for October 13, 2021 at 10:00 a.m. will not go forward.

Plaintiff contends that Defendant should be held in contempt because it has not paid any of the fees awarded in the Fee Order. Plaintiff is incorrect. The Fee Order is a money judgment that is not enforceable by way of contempt proceedings. "The proper means to secure compliance with a money judgment is to seek a writ of execution…. [W]hen a party fails to satisfy a court-

---

3) JLAMP's Reply in Support of Motion for Contempt Order [Doc. No. 408].

imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." *Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 906–07 (B.A.P. 9th Cir. 2013).

Use of the contempt power to enforce a fee award is appropriate only if the fee award in question was imposed as a sanction for misconduct. *See Wallace*, 490 B.R. at 907 ("[A] court's monetary sanction for a contemnor's misconduct is not an 'ordinary' money judgment, and therefore the use of the contempt power is a proper method to enforce a sanction for misconduct."). The Fee Order was not a sanction for Defendant's misconduct. It was a garden-variety order awarding Plaintiff its attorneys' fees because it had prevailed on appeal.

Plaintiff cites *Wallace* and *In re Hernandez*, BAP No. SC-13-1301, 2014 WL 1345940, at *5 (B.A.P. 9th Cir. Ap. 4, 2014) for the proposition that the Fee Order is enforceable through the Court's contempt power. Plaintiff's reliance upon these cases is misplaced, as Plaintiff entirely overlooks the fact that the orders in *Wallace* and *Hernandez* were issued to remediate misconduct. For example, the order in *Wallace* was issued as a sanction for a creditor's violation of the discharge injunction. The order in *Hernandez* was issued as a sanction for a creditor's failure to repay a debtor funds that the creditor had retained in violation of the automatic stay. Defendant has not engaged in misconduct of the type at issue in *Wallace* and *Hernandez*. The Court entered the Fee Order only because Defendant was not the prevailing party in the appeal before the Ninth Circuit.

### III. Conclusion

Based upon the foregoing, the Application is **DENIED**. The hearing purportedly set by Plaintiff on October 13, 2021 at 10:00 a.m. regarding the issue of contempt will not go forward. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: October 12, 2021

Ernest M. Robles
United States Bankruptcy Judge